# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA



DAISY HENRIQUEZ,  CASE NO. 03-20171-CIV-HIGHSMITH
Magistrate Judge Garber

    Plaintiff,  Miami/Civil Division

v.

ST. THOMAS UNIVERSITY, INC.,

    Defendant,
_____/

## PLAINTIFF'S MOTION TO COMPEL ATTENDANCE AT DEPOSITION/ MOTION FOR SANCTIONS

The Plaintiff, DAISY HENRIQUEZ pursuant to Federal Rules of Civil Procedure 37 and pursuant to the Local Rules, by and through undersigned counsel, hereby files her Motion to Compel the Deposition/Motion for Sanctions of Mariela Torres and as grounds thereof states:

### INTRODUCTION

1. As previously discussed at length in Plaintiff's Response to Defendant's Motion for Protective Order as to the Deposition of Associate Dean Jay Silver, Defendant has engaged in extensive gamesmanship and discovery obstructionist tactics.[1]

2. This is the second time in less than a one (1) week time period where one of the

---

[1]

    As the Court will soon learn in addition to Defendant's failure to produce witnesses at depositon, Defendant has interposed blanket, conclusory and *repeated* baseless and speaking objections with instructions not to answer pertinent questions made by attorney-Horowitz.

1



Defendant's key witnesses has refused to appear for a duly noticed and previously scheduled deposition.

3. On April 7, 2003, Plaintiff coordinated and re-noticed for the second time for May 19, 2003 at 2:00 P.M. the taking of the deposition of Mariela Torres.

4. At 9:30 A.M. on April 7, 2003, i.e., on the morning before the deposition of Ms. Torres, Defendant's counsel, Douglas Jeffrey, contacted Plaintiff's counsel's office and wrote to advise that Mr. Horowitz had some form of medical emergency, and that Ms. Torres' deposition was thereby unilaterally canceled and that she would not be appearing for her deposition. No alternate dates were provided.

5. Defendant did not file for a Motion for Protective Order and did not secure an order of protection as required by the rules.

6. At 10:28 A.M. on May 19, 2003, the undersigned counsel wrote to Messrs. Horowitz and Jeffrey and advised them as follows:

> **I write to you following a message from your office just moments ago that given some serious health problem by Mr. Horowitz, that Ms. Mariela Torres will not show up for her deposition that was scheduled for this afternoon. Initially, I note that as far as I am aware, there are at least six attorneys from two separate law firms representing the Defendant in this matter; I am truly puzzled by your office's comment that no one purportedly can cover the deposition this afternoon.**
>
> **In any event, as a courtesy to you, I will agree to reschedule the deposition given your last minute purported serious health condition only if it is reset for another day in this work week (i.e., the week of May 19-23). To show good faith on your part and to reflect that the refusal to appear at the deposition is not merely another improper attempt to avoid/delay/prevent discovery, I request that your office immediately**

2

> **provide me with alternative dates so that we can reset the deposition. Short of receiving by noon today available dates from your office, the deposition will proceed this afternoon as previously scheduled and I will move for appropriate relief from the Court should no one appear to testify.**

7. The Defendant never responded to Plaintiff's correspondence or even made any effort to provide alternate deposition dates prior to the service of this Motion.

8. Consequently, both of Plaintiff's counsels appeared at the deposition but frustratingly, both Ms. Mariela Torres and her counsel were absent. See Exhibit "A" (Certificate of non-appearance)

## MEMORANDUM OF LAW

The Defendant and its counsel are without authority to cancel and/or to refuse to produce witnesses for Deposition in the absence of an order of protection or consent of counsel. In the instant case, not only was an order of protection not sought by Defendant, but the Defendant did not make any effort to reschedule the deposition so as facilitate the cancellation of Ms. Torres' deposition.

As the Court is aware, Rule 26 when read in conjunction with Fed.R.Civ.P. 37 provides that an order of protection must be obtained before a deponent may be excused from appearing. *See* Alexander v. Federal Bureau of Investigation, 186 F.R.D. 78 (D.D.C. 1998). Even the filing of a Motion for Protective Order without the Entry of an Order of protection is not adequate to excuse one's appearance at deposition. Id. at 86-87; *See also* Lee v. Walters, 172 F.R.D. 421, 429 (D. Or. 1997) (Holding that failure to appear for a noticed deposition is not substantially justified in the absence of a protective order or, at the very least, a clear and unambiguous agreement by the party

3

setting the deposition postponing the deposition). *Cf.*, Wallraff v. TGI Fridays, Inc., 490 So.2d 50 (Fla.1986) (failure to attend deposition without first seeking protective order is basis to merit *severe* sanctions, particularly where it is a wilful disregard of discovery procedures); Al Barnett and Son, Inc. v. Outboard Marine Corp., 611 F.2d 32 (3d Cir.1979) (litigants cannot frustrate discovery by noncompliance; they must first seek a protective order). Not only was there no order obtained by Defendant much less a motion filed, but not even any efforts were made to cooperate to reset the deposition down for another date; the lack of good faith on the Defendant's part is patent.

Under the circumstances, particularly when one considers Defendant's other discovery violations and obstructionist tactics, sever sanctions are warranted.

## CONCLUSION

In light of the foregoing, Plaintiff's Motion to Compel Attendance/Motion for Sanctions should be GRANTED and the deponent, Mariela Torres should be compelled to attend her deposition forthwith. Plaintiff further requests an award of attorney's fees pursuant to Fed. R. Civ. P. 37(d) and such other relief as is deemed just and proper pursuant to the Court's inherent authority including the threat of the striking of any pleading submitted by the Defendant and/or entry of default for failure to cooperate with the orderly progress of the action and comply with its discovery obligations. .

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by U.S. mail on May 20, 2003 to: Adam D. Horowitz, Esquire, Gilbride Heller & Brown, P.A., One Biscayne Tower, 15th Floor, 2 South Biscayne Boulevard, Miami, FL 33131.

| | |
|---|---|
| SINA NEGAHBANI, ESQ. | LOREN & ASSOCIATES, P.A. |
| Co-Counsel for Plaintiff | Co-Counsel for Plaintiff |
| P.O. Box 163605 | 320 S. State Road 7 - Suite # 300 |
| Miami, Florida 33116 | Plantation, Florida 33317 |
| Phone (305) 595-9078 | Phone   (954) 585-4878 |
| Facsimile (305) 595-9079 | Facsimile (954) 585-4886 |

_____
JAMES M LOREN
FLA. BAR NO.: 0055409

5

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-20171-CIV-HIGHSMITH
Magistrate Judge Garber

DAISY HENRIQUEZ,

        Plaintiff,

vs.

ST. THOMAS UNIVERSITY, INC.,

        Defendant.
_____/

CERTIFICATE OF NON-APPEARANCE OF WITNESS

STATE OF FLORIDA    )
COUNTY OF DADE     )

    I, JENNIFER D. BELZ, a Notary Public in and for the State of Florida at Large, do hereby certify that pursuant to a Notice of Taking Deposition in the above-entitled cause, I appeared at 19 West Flagler Street, Suite 1020, Miami, Florida, on May 19, 2003 at 2:00 p.m. and remained until 2:30 p.m.

    I further certify that there was no appearance by the witness, Mariela Torres, and in attendance was James M. Loren, Esq. and Sina Negahbani, Esq.

    In witness whereof, I have hereunto set my hand and affixed my official seal of office in the City of Miami, County of Dade, State of Florida, this 19th day of May 2003.

                        _____
                        JENNIFER D. BELZ

**Exhibit "A"**